UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| NEW MARKET AGRICULTURAL CHEMICAL COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:14-cv-71-SKL ) |
| ROBERT HATTAWAY, | ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is a motion to dismiss [Doc. 5] and a supporting memorandum [Doc. 6] filed by Defendant Robert Hattaway ("Defendant"). Plaintiff New Market Agricultural Chemical Company ("Plaintiff") has filed a response in opposition to the motion [Doc. 9]. Defendant has filed a reply to the response [Doc. 10], and this matter is now ripe. For the reasons stated below, Defendant's motion will be **DENIED**.

**I.   FACTUAL BACKGROUND**

For the purposes of this order only, the Court will assume that Plaintiff's factual allegations, as stated in the complaint, are true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

On or about August 1, 2013, Defendant entered into a contract with Plaintiff and agreed to pay Plaintiff $156,736.88 for one Valley 8000 Series Irrigation System, one 5RB-EM16 Cornell Pump, and one N45MSTX 20.50 A801 Fiat Powertrain Engine [Doc. 1 at Page ID # 2, ¶¶ 5, 6, & 8]. Plaintiff assembled and installed the equipment on Defendant's farm, but Defendant has not paid any portion of the purchase price [*id.* at ¶¶ 6, 10 & 11].

## II.     STANDARDS

The Federal Rules of Civil Procedure provide, in relevant part, that all pleadings which state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard prescribed by Rule 8(a) does not require a plaintiff to set forth "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires the plaintiff "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 & n.3. "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (quoting *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005)) (internal quotation marks omitted).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly*, 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although a court must

2

take all factual allegations in the complaint as true when addressing a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

## III. ANALYSIS

Defendant argues that Plaintiff failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant argues that Plaintiff's complaint should be dismissed because it "neither attaches the parties' alleged contract nor alleges the terms of that agreement[,]" and thus does not meet "the strict pleading requirements of *Twombly* and *Iqbal*." [Doc. 6 at Page ID # 17]. The Court has reviewed Plaintiff's complaint and finds that Defendant's arguments fail.

To the extent Defendant complains the alleged contract (if written) is not attached to the complaint, "while it is certainly good practice to attach a written contract to a plaintiff's complaint for breach of contract where one exists," the Federal Rules of Civil Procedure do not explicitly require attachment of a written contract to the complaint. *Ferrell v. Addington Oil Corp.*, No. 2:08-CV-74, 2010 WL 3283029, *4 (E.D. Tenn. Aug. 18, 2010) (denying motion to dismiss claim for breach of contract where the contract was not attached to the complaint).

3

As to whether the complaint sufficiently states a claim, the Court finds Plaintiff's complaint adequately alleges breach of contract by Defendant. A breach of contract claim under Tennessee law[1] must allege "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (quoting *Custom Built Homes v. G.S. Hinsen Co., Inc.*, No. 01A01-9511-CV-00513, 1998 WL 960287, at *3 (Tenn. Ct. App. Feb. 6, 1998)) (internal quotation marks omitted). "In Tennessee, a contract can be express or implied, and can be either written or oral . . . ." *Jones v. LeMoyne-Owen Coll.*, 308 S.W.3d 894, 904 (Tenn. Ct. App. 2009).

While the complaint in this case fails to state the terms of the contract in detail or provide much in the way of factual allegations in support of the breach of contract claim, the Court cannot say, as a matter of law, that the complaint does not sufficiently plead a breach of contract claim under Tennessee law. Plaintiff alleges in the complaint that Defendant and Plaintiff "entered into a contract" for Plaintiff's sale and installation of specific equipment; that Defendant "agreed to pay $156,736.88 for the installed equipment;" that Plaintiff "fully performed its obligations under the contract;" that Defendant "breached the contract by failing to pay for the [e]quipment;" and, that "[a]s a result of [Defendant's] breach of the contract, [Plaintiff] has suffered damages in an amount not less than $156,736.88." [Doc. 1 at Page ID # 2-3, ¶¶ 6, 8, 10, 11, & 12]. The Court finds that Plaintiff's complaint alleges the necessary elements of a breach of contract claim under Tennessee law, along with a set of facts consistent

---

[1] The district courts apply the substantive of the state in which they sit. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (holding that a federal district court, when exercising jurisdiction on grounds of diversity of citizenship, is required to apply state law substantively). Neither party has suggested that the substantive law of any state other than Tennessee should be applied in this matter.

4

with that allegation, and meets the requirements prescribed by Rule 8(a)(2), thus surviving Defendant's motion to dismiss. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss [Doc. 5] is **DENIED**.

SO ORDERED.

ENTER:

                                s/ *Susan K. Lee*
                                SUSAN K. LEE
                                UNITED STATES MAGISTRATE JUDGE

5

Case 4:14-cv-00071-SKL   Document 18   Filed 02/23/15   Page 5 of 5   PageID #: 51